**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JACQUEL WEEKS, | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | )        No. |
| | ) |
| VILLAGE OF LYONS, and | ) |
| VILLAGE OF LYONS POLICE OFFICERS | ) |
| THEODORE GUSSIE-DELGADO, Star #177, | ) |
| GEORGE LAY, Star #241, and | ) |
| KEVIN FORREST, Star #178 | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

NOW COMES Plaintiff, JACQUEL WEEKS, by and through his counsel, DEDRICK L. GORDON of DEDRICK L. GORDON LAW GROUP, P.C., and complaining of Defendants, VILLAGE OF LYONS, and VILLAGE OF LYONS POLICE OFFICERS THEODORE GUSSIE-DELGADO, Star #177, GEORGE LAY, Star #241, and KEVIN FORREST, Star #178, states as follows:

### INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving the Plaintiff of his rights secured by the Constitution and laws of the United States of America.

### JURISDICTION

1.   This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and law of the State of Illinois.

1

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343, 1367 and 2201; the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## PARTIES

3. Plaintiff, JACQUEL WEEKS is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

4. Defendant Officers, THEODORE GUSSIE-DELGADO, Star #177, GEORGE LAY, Star #241, and KEVIN FORREST, Star #178, ("Defendant Officers"), were, at the time of this occurrence, duly licensed Village of Lyons police officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant, VILLAGE OF LYONS ("Lyons") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

## FACTS

6. On January 1, 2021, the Plaintiff Jacquel Weeks, an African-American male, was present at 4533 S. Prescott Avenue, Lyons, Illinois, where the Plaintiff resided.

7. On said day, the Plaintiff, Jacquel Weeks was accompanied by Hardy Shorter, also an African-American male.

8. On said day, Abraham Akande contacted 911 and alerted 911 dispatch that two African-American individuals, one male and one female, were engaged in an altercation at or near 4545 S. Prescott Avenue, Lyons, Illinois.

9. The Defendant Officers were deployed to said location.

10.  Upon arrival, while at 4533 S. Prescott Avenue, the Defendant Officers stopped the Plaintiff, Jacquel Weeks and Hardy Shorter.

11.  At the time, the Plaintiff, Jacquel Weeks was on the porch of said residence.

12.  At the time, the Plaintiff, Jacquel Weeks and Hardy Shorter were not engaged in any suspicious or criminal activity, and were not engaged in any type of dispute.

13.  The Defendant Officers detained and questioned the Plaintiff, Jacquel Weeks and Hardy Shorter.

14.  The Defendant Officers demanded the Plaintiff, Jacquel Weeks and Hardy Shorter tender their identification cards.  The Plaintiff could not comply because he did not have it on his person. The Plaintiff asked the Defendant Officers permission to retrieve his identification card from his residence but was denied.

15.  The Defendant Officers handcuffed Hardy Shorter and placed him in the back of a police car.

16.  The Defendant Officers tasered the Plaintiff, Jacquel Weeks in the back and arrested him.

17.  Following his arrested, the Defendant Officers conducted a search of the Plaintiff.

## COUNT I: 42 U.S.C. § 1983 – EXCESSIVE FORCE
### Against Defendant Officers

19.  Plaintiff re-alleges the above paragraphs as though fully set forth herein.

20.  The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

21.  As a direct and proximate result of the unlawful actions of the Defendant Officers, the Plaintiff was injured, including physical injuries, pain and suffering, humiliation,

embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, and lost time.

WHEREFORE the Plaintiff, Jacquel Weeks, pursuant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 42 U.S.C. § 1983 – ILLEGAL SEARCH
### Against Defendant Officers

22.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

23.     The actions of Defendant Officers, described above, knowingly caused Plaintiff to be unreasonably searched in violation of Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

24.     As a direct and proximate result of the unlawful actions of the Defendant Officers, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, Plaintiff endured physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, and lost time.

WHEREFORE the Plaintiff, Jacquel Weeks, pursuant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT III: MALICIOUS PROSECUTION UNDER ILLINOIS STATE LAW
**Against Defendant Officers**

25.     Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

26.     On January 1, 2021, the Defendant Officers contacted Abraham Akande, despite not wanting to be identified, and presented before him. The Defendant Officers tendered a misdemeanor complaint of disorderly conduct for him to sign, obtained Abraham Akande's signature, and subsequently provided false and misleading supporting allegations.

27.     On January 5, 2021, the matter of *People of Illinois v. Jacquel D. Weeks*, Case No. 21500072401 was commenced in the criminal court of the County of Cook against the Plaintiff, Jacquel Weeks.

28.     The Plaintiff, Jacquel Weeks was charged with battery, disorderly conduct, and three counts of resisting a peace officer.

29.     The Defendant Officers brought said matter and complaints against the Plaintiff, Jacquel Weeks without probable cause of him committing any crime.

30.     Upon information and belief, the Defendant Officers maliciously conspired and/or acted in concert to have the Plaintiff falsely charged and prosecuted with misdemeanor complaints of disorderly conduct, battery, and resisting a peace officer, to detract from and cover up the shocking brutality inflicted upon the Plaintiff.

31.     On March 24, 2022, the Prosecutors voluntarily dropped all charges against the Plaintiff, Jacquel Weeks without any compromise, plea bargain, or any other arrangement.

32.     All of the above-mentioned acts were done so by the Defendant Officers intentionally, knowingly, willfully, wantonly, maliciously, and/or recklessly in disregard to the Plaintiff, Jacquel Weeks's federally protected constitutional rights.

33. The procurement of prosecution against the Plaintiff, Jacquel Weeks for the known to be false allegations is malicious, shocking, and objectively unreasonable in light of the circumstances.

34. As a direct and proximate result of the unlawful actions of the Defendant Officers, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, and lost time.

WHEREFORE the Plaintiff, Jacquel Weeks demands judgment against Defendant Officers for compensatory damages, economic, consequential damages, and special damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against Defendant Officers

35. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

36. The Defendant Officers did intentionally and recklessly inflict severe and prolonged emotional distress upon the Plaintiff by their battery and abuse of the Plaintiff, Jacquel Weeks, and their other actions.

37. As a proximate result of the outrageous and egregious acts of the Defendant Officers, the Plaintiff has suffered and continues to suffer physical, emotional, personal psychological distress, for which the plaintiff herein incorporates as damages those set forth previously.

38. Furthermore, in doing the acts alleged above, Defendants acted in willful, wanton, reckless, intentional, and deliberate disregard of the likelihood that Plaintiff would suffer emotional distress as a direct and proximate cause of their actions and inactions.

39. The conduct of Defendants as alleged above was extreme and outrageous and went beyond all bounds of decency.

40. As a direct and proximate result of Defendants' wrongful actions and battery, and abuse, as described above, Plaintiffs suffered and continue to suffer emotional distress.

WHEREFORE the Plaintiff, Jacquel Weeks demands judgment against Defendant Officers for compensatory damages, economic, consequential damages, and special damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT V: BATTERY
**Against Defendant Officers**

41. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

42. The Defendant Officers did intentionally and recklessly inflict severe and prolonged bodily harm upon the Plaintiff, Jacquel Weeks, by tasing him, arresting him, and other actions.

43. The actions of the Defendant Officers were offensive, harmful, outrageous and egregious.

44. Furthermore, in doing the acts alleged above, and as a direct and proximate result of the unlawful actions of the Defendant Officers, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, and lost time.

WHEREFORE the Plaintiff, Jacquel Weeks demands judgment against Defendant Officers for compensatory damages, economic, consequential damages, and special damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VI: FALSE IMPRISONMENT
### Against Defendant Officers

45. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

46. The Defendant Officers did unlawfully restrain the Plaintiff, Jacquel Weeks, by detaining and arresting him without having reasonable grounds to believe that the Plaintiff had committed an offense.

47. Furthermore, in doing the acts alleged above, and as a direct and proximate result of the offensive, harmful, outrageous, egregious acts, and unlawful actions of the Defendant Officers, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, and lost time.

WHEREFORE the Plaintiff, Jacquel Weeks demands judgment against Defendant Officers for compensatory damages, economic, consequential damages, and special damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VI: INDEMNIFICATION
### Against Defendant Village of Lyons

48. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

49. Defendant, Lyons is the employer of the Defendant Officers.

50. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant, Lyons.

WHEREFORE the Plaintiff, Jacquel Weeks demands judgment against Defendant Officers and Village of Lyons for compensatory damages, economic, consequential damages, and special damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,
JACQUEL WEEKS


By:     s/ Dedrick L. Gordon
        One of Plaintiff's Attorneys

Dedrick L. Gordon
DEDRICK L. GORDON
LAW GROUP, P.C.
203 N. LaSalle Street
Suite 2100
Chicago, Illinois 60601
T: (312) 785-1265
F: (312) 803-0737
E: gordon@dglawgp.com